255 S.W.2d 441 (1953)
DUNLAP
v.
DUNLAP.
No. 21771.
Kansas City Court of Appeals. Missouri.
January 12, 1953.
Louis Wagner, Kansas City, for appellant.
John W. Schwartz and Dave R. Derge, Kansas City, for respondent.
BROADDUS, Presiding Judge.
The plaintiff brought suit for divorce against defendant, her husband, and he filed an answer and cross-bill. Plaintiff's petition alleged indignities which she asserted rendered her condition intolerable. Defendant's cross-bill likewise alleged indignities. A decree was granted plaintiff. She was also awarded alimony in gross in the sum of $1500 and an attorney's fee of $150. Defendant's cross-bill was dismissed. He has appealed.
Plaintiff and defendant were married on March 30, 1950. Their final separation took place September 30, 1951. Another suit for divorce had been filed by plaintiff against defendant in October, 1950, and subsequently dismissed. In that suit plaintiff alleged that he had associated with another woman.
Defendant conducted a restaurant at 1215-A Linwood Boulevard in Kansas City, and plaintiff assisted him in the business.
*442 It would serve no useful purpose to set forth the evidence in this case in detail. Plaintiff testified that although she treated defendant with kindness, on numerous occasions he cursed and abused her; that he often struck her; that on one occasion he struck her in the mouth and broke off a part of one of her teeth; that he threatened to kill her; that he came home drunk many times; that he would remain away from home at nights and when she would question him about it he would inform her that "it wasn't any of my business; that he was going to have his own way." As to the woman mentioned in plaintiff's prior petition, plaintiff testified: "I dropped the divorce, but he still kept company with her after he got me to go back to him."
Defendant's first contention is that plaintiff's petition should be dismissed for the reason that she has not shown herself to be the innocent and injured party. Anyone who examines the transcript in the instant case will conclude that plaintiff's conduct has not at all times been exemplary. However, it must be borne in mind that even though plaintiff may have been guilty of some misconduct, the same will not prevent her from being an innocent party, unless her misconduct was so great as to entitle defendant to a divorce on his cross-bill. Wehrenbrecht v. Wehrenbrecht, 200 Mo. App. 452, 207 S.W. 290. Plaintiff testified that, "I don't believe I have ever cursed" defendant, but "because he would stay away all night and maybe I worked on through because he was drunk, I might have said something." She further testified that while she drank, on occasions, it was usually "two or three bottles of beer;" that she did not get intoxicated. Nor does the evidence support defendant's charge that plaintiff associated with other men. All that was shown was that one of the customers of the restaurant went to the grocery store with plaintiff at one time. Another drove her in his car to her home, which was only a short distance. Under the evidence, we are not inclined to hold that plaintiff was not the innocent and injured party.
It is also claimed that plaintiff is not entitled to a decree of divorce because she has condoned all of the indignities alleged in her petition. Condonation is not an absolute, but only a conditional, forgiveness. It presupposes that the offending party's marital obligations will thenceforth be observed. If a breach of a condition inherent in the condonation subsequently takes place, the original grievance will be revived. According to plaintiff, after she dismissed her prior suit and returned to defendant his transgressions continued to the very date of their final separation. We cannot agree with defendant that the acts complained of by plaintiff were condoned.
Defendant asserts that plaintiff's testimony is not corroborated. There is no inflexible rule that a divorce will not be granted on the uncorroborated testimony of a party. This is a matter within the sound discretion of the trial court. Lowe v. Lowe, Mo.App., 229 S.W.2d 7. However, we think the plaintiff's evidence is sufficiently corroborated in this instance. Particularly is this true with respect to the repeated intoxication of the defendant. And at least two witnesses testified they heard defendant curse and abuse plaintiff in the presence of customers at the restaurant.
Defendant's able brief cites and quotes from many cases. However, each divorce action based on general indignities must be determined on its own facts.
Our conclusion is that the instant case falls within the rule announced many times by our appellate courts that, in divorce suits, great deference should be paid to the finding of the trial court, who had the parties and witnesses before him and was in a much better position to judge of their credibility than is this court. The following language of Judge Westhues in the case of Andris v. Andris, 343 Mo. 1162, 125 S.W.2d 38, 40, applies to the instant case: "After a careful reading of the record the writer of this opinion would hesitate to enter a judgment without having the * * * advantage of personally hearing and observing the witnesses."
We defer to the conclusion reached by the learned trial court and affirm the judgment.
All concur.